NO. 07-01-0213-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 13, 2001

______________________________

RICKY HUCKABEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-434352; HONORABLE CECIL G. PURYEAR, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

DISMISSAL

Pursuant to a plea of not guilty, appellant Ricky Huckabey was convicted by a jury of burglary of a habitation with intent to commit aggravated assault and punishment was imposed at confinement for life on February 8, 2001.  Appellant timely filed a motion for new trial extending the time in which to perfect his appeal until May 9, 2001.  The notice of appeal, however, was not filed until May 14, 2001.

In a criminal case, the time within which to file a written notice of appeal may be enlarged if, within 15 days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure.  Tex. R. App. P. 26.3.  Because appellant’s sentence was imposed on February 8, 2001, the 15-day window for filing his notice of appeal expired on May 24, 2001.  No motion for extension of time reasonably explaining the need for an extension was filed in this Court when the notice of appeal was filed in the trial court on May 14, 2001.  
Tex. R. App. P. 10.5(b)(2) and 26.3(b).   When a notice of appeal, but no motion for extension, is filed within the 15-day window, this Court does not have jurisdiction to dispose of the purported appeal in any manner other than by dismissal for want of jurisdiction.  Olivo v. State, 918 S.W.2d 519, 523 (Tex.Cr.App. 1996).  Additionally, we do not have jurisdiction to invoke Rule 2 in an effort to obtain jurisdiction of the case.  Thus, we cannot create jurisdiction where none exists.  
Id; see also
 Slaton v. State, 981 S.W.2d 208, 209-10 (Tex.Cr.App. 1998).  However, should appellant desire, he may file a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal.  
See
 Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2001).

Accordingly, we dismiss this cause for want of jurisdiction. 

Don H. Reavis

     Justice

Do not publish.